Camors & Co. *vs.* Losch.

## No. 6594.

### J. B. CAMORS & CO. VS. J. J. LOSCH ET ALS.

During the pendency of a suit, the defendant made a settlement with the attorney of the plaintiffs of the debt, for the recovery of which the suit was brought, which the plaintiffs refused to ratify, but took out garnishment process against the fund paid their attorney by the defendant in settlement of their claim.   It appeared that the plaintiffs had authorized their attorney to make a settlement.   *Held,* if that authorization was insufficient, the subsequent garnishment by the plaintiffs of the money paid by the defendant in settlement of their demand was a ratification of the settlement, and binding on the plaintiffs.

APPEAL from the Sixth District Court of New Orleans.   SAUCIER, J.

*Gill* for Plaintiffs and Appellants.   *Buck & Dinkelspiel* for Defendants.

MANNING, C. J.   While this suit was pending, the defendants made a settlement of the debt for the recovery of which the suit was instituted.   That settlement was made with the attorney of the plaintiffs, the attorney of record whose name is appended to the petition.   The plaintiffs refused to ratify the settlement, and the attorney refused to prosecute the suit.   Other counsel was employed, and the defendants set up the compromise and settlement already made in bar of the action.

The plaintiffs then took out garnishment process against the fund in the former attorney's hands, *i.e.*, the money paid by the defendant in settlement of the plaintiffs' claim.

The presiding judge in the court below asked the attorney who brought the suit and made the settlement, if he was authorized to make it, and he responded affirmatively; and being further interrogated as to the person who had authorized him to make it, answered that the plaintiffs had thus authorized him.

If this could be supposed insufficient to bind the plaintiffs, their subsequent garnishment of the money in their former attorney's hands, put there by the defendants expressly in settlement of the plaintiffs' demand, should be decisive of the question of ratification. The judge *a quo* so ruled, and we think correctly.

*Judgment affirmed.*